IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD n/k/a Susanne R. Becker,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, STATE OF TEXAS, STATE OF NEBRASKA, KEN PAXON, Attorney General for Child Support Agency of Texas, essigns; NEBRASKA DEPARTMENT OF HUMAN HEALTH SERVICES, and DANNETTE SMITH, essigns;<br><br>Defendants. | 8:21CV75<br><br>**ORDER** |

This matter is before the Court on the Motion for Leave (Filing No. 18) filed by Plaintiff, pro se. Plaintiff requests "leave to properly service a complaint in correlation with my claim" to the following entities or individuals: Nebraska Department of Human Health Services; Texas Attorney General Child Support Division; Nebraska Federal Attorney; Texas Federal Attorney; Nebraska State Attorney; Texas State Attorney; Amarillo County Attorney; Burlington Northern Santa Fe a/k/a BNSF; and George Hardwood, attorney.

Plaintiff's Complaint filed in state court on November 20, 2020, names the following parties as defendants: United States of America; State of Texas; State of Nebraska; Attorney General Ken Paxon (sic) for Child Support Agency of Texas essigns (sic); Nebraska Department of Human Health Services; and Dannette Smith, essigns (sic). (Filing No. 1-1). The United States removed the case to this court on February 26, 2021, before the time to complete service of process under Nebraska law expired. See Neb. Rev. Stat. § 25-217 (providing that "[e]ach defendant in the action must be properly served within one hundred eighty days of the commencement of the action."). Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Courts have determined this 90-day period begins running from the date of removal. See Fed. R. Civ. P. 81(c)(1); 28 U.S.C. § 1448; *Hall v. O'Clallaghan*, 4:13cv3066, 2013 WL 12141247, at \*2 (D. Neb. June 26, 2013)(Kopf, J.)(finding Rule 4(m)'s time limit "for service did not begin to run until the action was removed to federal court"). Therefore, Plaintiff has until May 27, 2021, to properly serve each named defendant. And, although Plaintiff is pro se, it is her responsibility to identify and locate each

named defendant and to request summons and properly effectuate service of process. See *Gustaff v. MT Ultimate Healthcare*, No. 06CV 5496 (SLT)(LB), 2007 WL 2028103, at *3 (E.D.N.Y June 21, 2007); *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007); see also *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834-35 n.46 (1975)("[P]ro se litigants are not excused from failing to comply with substantive and procedural law."). Plaintiff's motion for leave requests no relief that the Court is inclined to grant. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave (Filing No. 18) is denied.

Dated this 29th day of April, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge