IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANNE R. HURD,<br><br>                    Plaintiff,<br><br>        v.<br><br>NEBRASKA DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES, KEN PAXON,<br>Attorney General for Child Support Agency<br>of Texas; and GEORGE HARWOOD,<br><br>                    Defendants. | **8:21CV75**<br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on defendant Nebraska Department of Health and Human Services's ("DHHS") Motion to Dismiss (Filing No. 74) and plaintiff Susanne R. Hurd's (also known as Susanne R. Becker, "Becker") Motion for Leave (Filing No. 88). For the reasons stated below, DHHS's motion is granted, and Becker's motion is denied.

## I.   BACKGROUND

On September 21, 2017, a judge in the County Court of Randall County, Texas ("Texas state court"), entered a temporary divorce order ("temporary divorce order") between Becker and her ex-husband James Hurd ("Hurd"). The temporary divorce order was to "continue in force until the signing of the Final Decree of Divorce or until further order of this Court." While the divorce was pending in Texas state court, Becker also filed for an annulment in the District Court of Scotts Bluff County in Nebraska ("Nebraska state court"), which was granted on September 26, 2018. Upon receiving notice of the annulment, the Texas state court continued the pending divorce action because it was concerned about jurisdictional issues and the validity of or need for any such divorce decree. Based on the information Becker submitted to the Court, it does not appear the Texas state court ever finalized the divorce proceedings. Nonetheless, Hurd and Becker continued to abide by the terms set forth in the temporary divorce order, requiring Hurd to

pay $850 per month in child support to Becker.  She continued to receive these payments through October 2020, but the payments did not come the following November.

It appears from Becker's amended complaint and original exhibits that she contacted the Texas state court, the Randall County Court clerks, and other state agencies in Texas and Nebraska to determine why the November 2020 child-support payments were not distributed to her.  She was eventually told that Jennifer Lynn ("Lynn"), Becker's case worker at DHHS, "started the holding of [her] child support."  In an email from Lynn to Becker dated November 19, 2020, Lynn stated,

> Your child support enforcement case with the state of Nebraska has already been closed.  We received two separate emails from you on November 16, 2020 specifically stating that you wanted your child support enforcement case in Nebraska closed. . . Texas is the official record-keeper for the child support balance due.  Based on previous emails, you have already filed a complaint with them.  If you wish to have Nebraska Child Support involved, you will need to reapply.  Texas still has an open case for enforcement of your order.

Becker does not provide any further insights as to the apparent pending case with the Texas child-support agency or the closure of her cases with the Nebraska child-support agency.

Becker maintains it was illegal for these various agencies to "fail to pay out child support," and they "took it upon themselves to use Account Fraud and manipulated [her] child support payments."  She asserts "violations of the Due Process clause of the Fifth Amendment to the United States Constitution, namely deprivation of property."  In support, she cites *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 18 U.S.C. § 228, a criminal statute imposing penalties for "any person who . . . willfully fails to pay a support obligation with respect to a child who resides in another State."

## II.   DISCUSSION

### A.   DHHS's Motion to Dismiss

Many of the original defendants to this suit have already been dismissed (Filing No. 63), and DHHS seeks the same.  DHHS claims that it, as an agency of the State of Nebraska, is entitled to sovereign immunity under the Eleventh Amendment and did not waive that immunity; it also argues Becker fails to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(1) and (b)(6); *see also* U.S. Const. amend. XI.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."  *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019) (quoting *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)).  The Eleventh Amendment generally bars suits by private citizens against a state or state agency in federal court.  *See Balogh v. Lombardi*, 816 F.3d 536, 544 (8th Cir. 2016); *see also Davis v. State*, 902 N.W.2d 165, 188 (Neb. 2017) (explaining "a suit against a state agency is a suit against the State").  DHHS argues, and the Court agrees, that Becker has not pointed to any authority or actions suggesting DHHS has waived sovereign immunity.

Of note, Becker's assertions against DHHS are, at best, confusing and conclusory.  She does not meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009), to fairly state a claim against DHHS.  As such, DHHS's motion to dismiss is granted.

### B.   Becker's Motion for Leave

Becker has also filed a "Motion For Leave to Proceed in Forma Pauperis."  Along with her motion, she attaches the form affidavit for a "Motion for Leave to Appeal in Forma Pauperis."  The Court understands her motion as such.  Her motion, however, contains two fatal flaws.  First, the attached affidavit provides insufficient information as to her financial status, and the Court will not grant her in forma pauperis status at this time.  Secondly, Becker recently sought to appeal (Filing No. 73) this Court's Memorandum and Order dated August 10, 2021 (Filing No. 63), which granted some prior defendants' motions to

dismiss.  Because no final appealable judgment had been entered, the Court denied her that interlocutory appeal (Filing No. 87).   Her second attempt to appeal this Court's August 10, 2021, Memorandum and Order by moving to appeal with in forma pauperis status fares no better.

IT IS ORDERED:

1.   Defendant Nebraska Department of Health and Human Services' Motion to Dismiss (Filing No. 74) is granted.

2.   Plaintiff Susanne R. Hurd's Motion for Leave (Filing No. 88) is denied.

Dated this 8th day of November 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge